## In re GANY.

### In re LIPSCHITZ.

(District Court, S. D. New York. September 21, 1900.)

BANKRUPTCY—FALSE REPRESENTATIONS BY BANKRUPT—RECLAMATION OF GOODS BY SELLER.

It is not essential that false representations made by a bankrupt to secure goods on credit should have been the sole consideration of the credit, to entitle the seller to reclaim the goods; but it is sufficient if they were material, and the credit would probably not have been given otherwise.

In Bankruptcy. In the matter of the claim of a seller for a return of goods alleged to have been secured by the bankrupt by false representations.

Edward Kaufmann, for claimant.
Bullowa & Bullowa, for trustee.
Philip J. Britt, for sheriff.

BROWN, District Judge. The referee having found that the false representations were in fact made, as alleged by the creditor, in which finding I am inclined to agree with him, I feel bound to allow to the creditor the fair benefit of that element in the case. He swears he did rely on those representations. It is natural that he should do so; the mere fact that he also required the payment of the overdue bill of $75 is not inconsistent with such reliance. He might well say: "If you don't pay the $75 I won't deal with you any way. If that is paid, on your representation I will trust you for $200." It is not necessary that the false representations should be the sole and exclusive consideration for the credit; but only that they were a material consideration, without which in all probability the credit would not have been given. The statement made would naturally induce credit,

and there is not sufficient ground, it seems to me, for disbelief of the creditor's testimony that it did so. I find the goods belong to the creditor and should be returned.